NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SANTIAGO URENDA, *Appellant.*

No. 1 CA-CR 16-0862
FILED 9-26-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2015-002691-001 DT
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P,** Judge:

¶1        Santiago Urenda ("Appellant") appeals his convictions and sentences for aggravated assault, discharge of a firearm at a structure, and unlawful discharge of a firearm. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has searched the record on appeal and has found no question of law that is not frivolous. Appellant's counsel therefore requests that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). This court granted counsel's motion to allow Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

¶3        On August 31, 2015, a grand jury issued an indictment charging Appellant with Count I, aggravated assault, a class three dangerous felony, in violation of A.R.S. § 13-1204; Count II, discharge of a firearm at a structure, a class three dangerous felony, in violation of A.R.S. § 13-1211; Count III, misconduct involving weapons, a class four felony, in violation of A.R.S. § 13-3102; and Count IV, unlawful discharge of a firearm, a class six dangerous felony, in violation of A.R.S. § 13-3107.

¶4        Before trial, the court severed Count III, and trial was held on Counts I, II, and IV. At trial, the State presented the following evidence: Appellant and his former girlfriend ("Girlfriend") were romantically involved from 2006 to 2012, and they had one child together. Although Girlfriend was no longer in a romantic relationship with Appellant, she still

---

[1]        We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offenses.

[2]        We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

lived with their child at the house of Appellant's mother ("Mother") in September 2014. Girlfriend had begun dating a new man ("Victim"), who would regularly pick her up from Mother's house to take her to work and to go on dates. Appellant disliked Victim's presence around Mother's house.

¶5        On the evening of September 26, 2014, Victim called Girlfriend and asked to take her and her children to a park. Victim arrived soon afterward and parked his pickup truck in the street outside Mother's home, while talking to Girlfriend on the phone as she prepared to meet him outside. Victim suddenly noticed Appellant standing beside his truck, holding a handgun. Victim began screaming on his phone to Girlfriend that Appellant had a gun and to call the police. Appellant fired one shot toward Victim that penetrated the truck, and Victim started driving away. As Victim did so, Appellant fired three more rounds into Victim's truck. Girlfriend called the police.

¶6        The jury found Appellant guilty as charged of Counts I, II, and IV. The jury also found that each of the offenses involved the use, threatened use, or possession of a deadly weapon or dangerous instrument during the commission of the crime, and that Counts I and II involved emotional or financial harm to Victim. Appellant later pled guilty to Count III[3] and admitted having a historical prior felony conviction. The trial court sentenced Appellant to concurrent, slightly mitigated terms of six years' imprisonment for Counts I and II, and a concurrent, presumptive term of 2.25 years' imprisonment for Count IV. Appellant received a consecutive three-year term of probation for Count III, to begin upon his release from prison. He was credited with 107 days of presentence incarceration. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶7        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence presented at trial was substantial and supports the verdicts. Appellant was represented by counsel at all stages of the proceedings and was provided the opportunity to speak during

---

[3]        Because it resulted from a plea agreement, Appellant may not directly appeal his conviction for misconduct involving weapons. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.").

sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶8**　　　After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9**　　　Appellant's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

4